OPINION
Appellant Reumonte Tevis appeals a judgment of the Ashland County Common Pleas Court convicting him of two counts of Drug Abuse (R.C. 2925.11(A)), upon a plea of no contest:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING THE MOTION TO SUPPRESS BECAUSE THE ARRESTING OFFICER CREATED THE TRAFFIC SITUATION FOR WHICH HE CLAIMED HE STOPPED THE DEFENDANT. THERE WAS NO REASONABLE SUSPICION SUPPORTED BY SPECIFIC AND ARTICULABLE FACTS OF CRIMINAL ACTIVITY.
 II. THE PROBABLE CAUSE TO SEARCH THE DEFENDANT'S VEHICLE, CITED BY THE ARRESTING OFFICER, TO-WIT: THE ARRESTING OFFICER'S ABILITY TO DETECT THE SMELL OF MARIJUANA IS UNSUPPORTED BY THE EVIDENCE.
 III. THE SMELL OF RAW MARIJUANA ALONE IS NOT SUFFICIENT TO PROVIDE PROBABLE CAUSE TO SEARCH DEFENDANT'S VEHICLE.
On June 4, 1996, Trooper D.G. Keener of the Ohio State Highway Patrol was on duty on Interstate 71 in Ashland County. Mike Reef, an auxiliary officer, was traveling with Trooper Keener. Trooper Keener noticed a vehicle, operated by appellant, pull into the right-hand lane directly behind a semi-truck. The trooper noticed that the vehicle was following the truck too closely, in violation of R.C. 4511.34. The trooper maneuvered the patrol car behind appellant's vehicle. Appellant turned on his turn signal, and exited I-71. The trooper stopped the vehicle about half way down the exit ramp.
Upon approaching the driver's side of the car, Trooper Keener immediately noticed an odor of raw marijuana coming from the car's interior. After checking appellant's operator's license and registration, and running a check for outstanding warrants, the trooper executed a written warning to appellant for following too closely. Trooper Keener then asked appellant if he had any weapons or contraband in the vehicle. Appellant stated that he did not, and told the trooper that the car belonged to his wife. According to Trooper Keener, appellant appeared to be nervous, and would not look at him during the questioning.
Based upon the distinct odor of raw marijuana coming from the car, Trooper Keener searched the vehicle. Trooper Keener discovered a large black duffel bag with three separate compartments. Trooper Keener found a McDonald's food bag containing a plastic baggie, which contained two additional baggies of marijuana in the duffel bag. The trooper also found seven separately packaged "dime" bags of marijuana.
Appellant moved to suppress the marijuana found during the search. Following hearing, the court overruled the motion. Appellant pled no contest to one count of Drug Abuse, as a minor misdemeanor, and one count of Drug Abuse as a felony of the third degree. He was convicted as charged. On the felony charge of Drug Abuse, he was sentenced to one year incarceration and fined $2,500. On the minor misdemeanor charge of Drug Abuse, he was fined $100.
 I.
Appellant argues that Trooper Keener lacked a reasonable suspicion of criminal activity to justify stopping his vehicle. Appellant argues that the trooper created the situation which required him to follow the semi-truck too closely. Therefore, the trooper did not have a reasonable suspicion of criminal activity to justify the stop.
The trial court found that the evidence clearly established that Trooper Keener and auxiliary Officer Reef observed appellant commit the traffic violation before they pulled in behind appellant's vehicle. The court, therefore, concluded that the trooper could not be blamed for creating the traffic situation for which he stopped appellant's vehicle. The determination of the credibility of witnesses is within the province of the trier of fact, not the reviewing court. E.g., State vs. Jamison (1990),49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
The first Assignment of Error is overruled.
 II.
Appellant next argues that the court erred in finding that the officer could smell raw marijuana, which was wrapped in a sealed plastic bag, placed in a paper bag, and sealed in a canvas bag.
The court concluded that Trooper Keener had extensive training and experience in the detection of marijuana. The trooper testified that he was trained in detecting the smell of both raw and burned marijuana. Further, during the course of his career, he had stopped vehicles in which he had detected both the smell of both raw and burned marijuana. He further testified that the odor of marijuana is very distinctive.
Although the determination of the credibility of witnesses generally lies within the discretion of the trial court, the testimony in this case was simply too incredible to support the court's decision. The raw marijuana was in a sealed plastic baggie, placed in a paper bag, and sealed in a canvas bag. In the absence of a trained drug dog's sense of smell, Trooper Keener could not possibly have smelled the odor of raw marijuana upon approaching the car.
The second Assignment of Error is sustained.
 III.
The third Assignment of Error is rendered moot by our disposition of Assignment of Error II.
The judgment of the Ashland County Common Pleas Court is vacated. Pursuant to App.R. 12(B), we hereby enter final judgment suppressing the raw marijuana found during the search of appellant's vehicle. Accordingly, the conviction and sentence to two counts of Drug Abuse is vacated, and the charges are dismissed.
By: Reader, J. and Farmer, P. J. concur.
Wise, J. dissents.